OPINION. Turner, Judge: Petitioner contends that the Board’s determination was not completed until all the administrative steps with respect to the transmittal of the order had been taken, which steps were terminated by the chief administrative officer inspecting and approving the transmittal letter prepared for and sent by the treasurer of the Board to petitioner, with the determination and order enclosed. It is respondents’ contention that the determination was completed by the action of the Board at its meeting on June 14,1944. The applicable statute, section 403 (e) (2) of the Renegotiation Act, states: * * * and any such contractor or subcontractor aggrieved by a determination of the Secretary * * * may, within ninety days * * * after the date of such determination, file a petition with The Tax Court of the United States for a redetermination thereof. * * * Section 403 (a) (2) of the act defines the term “Secretary,” in the case of the four subsidiaries of the RFC, as meaning “the board of directors of the appropriate corporation.” Pursuant to the authority of the act, the board of directors of the RFC subsidiaries set up the RFC Price Adjustment Board to renegotiate the renegotiable contracts they had made with contractors or subcontractors. Such contracts had not been included in the original Renegotiation Act, but were included by the Military Appropriation Act of 1944, the act of July 1,1943. (Public Law 108, 78th Cong.) Thus the action of the RFC Price Adjustment Board was the action of the board of directors or “Secretary.” Petitioner’s contracts with the War Department (Army Air Forces) for the year 1942 had been renegotiated, but the War Department had treated petitioner’s contracts with the RFC subsidiaries as non-renegotiable business. Upon notice from respondents that such contracts were to be renegotiated, petitioner immediately protested and took the position that the statute should not be applied to them, as it was retroactive and unconstitutional. It adhered to this position throughout. No question is presented with respect to the figures on which the excessive profits determination was based. The only question now before us is, What was the date of the determination of the Board? Was it the date on which the Board took action at its stated meeting, or was it a later date, when some other individual or individuals took some action in completing preparations for mailing the order of determination and in the actual mailing thereof ? In section 403 (e) (1) of the act, applying to contracts ending subsequent to June 30, 1943, Congress provided that an aggrieved contractor could petition this Court for a redetermination of the excessive profits determined by the Board (War Contracts Price Adjustment Board) within 90 days “after the mailing of the notice of such order under subsection (c) (1).” As noted above, however, a petition filed under section 403 (e) (2), supra, applicable to contracts ended prior to July 1, 1943, must be filed within 90 days after the determination is made. Whatever the reason Congress had for making such a distinction, it is our duty to apply the statute as enacted. If it be said that a determination is not made or completed until the chief administrative officer has approved the transmittal letter, it might also be said that there is no determination until the letter was mailed, since that was the last administrative step taken. Under such an interpretation, the difference between sections 403 (e) (1) and 403 (e) (2) would be meaningless. If Congress had so intended, we think it would have so stated. The RFC Price Adjustment Board was authorized to make the determination, and it was the only one that could do so. The language of the statute is clear and conclusive, and we can give it only the meaning it conveys. The date of the determination is the date of the action of the Board. We conclude, therefore, that the determination of excessive profits herein was made by the Board at its meeting of June 14, 1944, and the statutory period within which a petition might be filed with this Court for the purpose of contesting that determination began to run on that date. The petition not having been filed within the statutory period, this Court is without jurisdiction in the matter. The Courtis order %oill he entered accordingly.